# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARSHANN TERWILLIGER,
           Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,
           Agency.

DOCKET NUMBER
AT-0831-13-0372-I-1

DATE: August 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marshann Terwilliger</u>, Moncks Corner, South Carolina, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying the appellant's request to waive interest due on the redeposit of previously withdrawn retirement contributions. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review[2] and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's claims concerning her request to repay the withdrawn retirement contributions and interest by actuarial reduction from her retirement annuity to the Atlanta Regional Office for docketing as a new appeal.

¶2    The appellant resigned from her position with the Department of the Army (agency) on June 20, 1991, after almost 13 years of service. Initial Appeal File (IAF), Tab 5 at 22-26. On June 17, 1991, the appellant applied for a refund of her retirement deductions. *Id*. at 21. On September 20, 1991, OPM issued a refund of the appellant's retirement deductions. *Id.* at 22. The agency rehired the appellant on October 4, 2004. *Id.* at 30. On January 20, 2005, the appellant filed an application to repay the retirement deductions previously refunded to her. *Id.* at 20. The appellant then began repaying the retirement deductions. *Id.* at 41-42. In 2006, the appellant received Benefit Estimates from the agency erroneously

---

[2] In light of our finding that the appellant's petition for review does not meet the criteria for review set forth at 5 C.F.R. § 1201.115, we need not address the apparent untimeliness of the petition. *See Mojarro v. U.S. Postal Service*, 113 M.S.P.R. 335, ¶ 9 n.3 (2010).

indicating that she had been given credit for the period of service covered by her retirement deductions. IAF, Tab 3 at 10-11, Tab 5 at 31. OPM and agency employees advised the appellant that it was in her best interest to take an actuarial reduction of her unpaid retirement deductions when she retired rather than continuing to repay the deductions with interest. *See* IAF, Tab 5 at 13, 35. The appellant then ceased making the repayments. *See id.* at 31.

¶3    The appellant was subsequently informed that she would not receive credit for the period of service covered by her refunded retirement deductions unless she repaid those deductions with interest prior to her retirement. *See* IAF, Tab 5 at 14. The appellant asked OPM to waive the interest on her repayment. *See id.* at 34-36. OPM issued an initial decision dated June 27, 2012, denying the appellant's request. *Id.* at 34.

¶4    On September 11, 2012, OPM issued another initial decision notifying the appellant that she would have to pay the redeposit in order to receive credit in her annuity for the period of service covered by the refunded retirement deductions. IAF, Tab 5 at 16. On September 18, 2012, the appellant requested reconsideration of the initial decision,[3] stating that her employing agency had incorrectly informed her that it would be in her best interest to pay the redeposit by actuarial reduction from her retirement annuity. *Id.* at 13-14.

¶5    On February 5, 2013, OPM issued a final decision denying the appellant's request for reconsideration of its initial decision[4] denying her request to "have

---

[3] In her request for reconsideration, the appellant did not specify whether she was requesting reconsideration of OPM's September 11, 2012 initial decision or its June 27, 2012 initial decision. IAF, Tab 5 at 13-14, 16, 34. However, the content of the appellant's reconsideration request, including her statement that she was filing her request within 30 days of the initial decision, *id.* at 13, indicates that the appellant's reconsideration request pertained to OPM's September 11, 2012 initial decision, rather than its June 27, 2012 initial decision denying her request for the waiver of interest due on the redeposit of previously withdrawn retirement contributions, *id.* at 13-14, 16, 34.

[4] OPM did not specify whether its reconsideration decision pertained to its September 11, 2012 initial decision or its June 27, 2012 initial decision. IAF, Tab 5 at 9-11. However, the content of the reconsideration decision clearly indicates that it

additional interest waived on the redeposit of [her] Federal Service." IAF, Tab 5 at 9-11. The appellant filed a Board appeal challenging OPM's final decision. IAF, Tab 1. She initially requested a hearing but withdrew her request on the day of the hearing. *Id.* at 2; IAF, Tab 8, Initial Decision (ID) at 1-2.

¶6        In an initial decision dated June 6, 2013, the administrative judge affirmed OPM's reconsideration decision denying the appellant's request for the waiver of interest. ID at 1. He noted, however, that, in addition to that request, the appellant sought to raise another issue, which OPM did not address in its reconsideration decision; namely, her request that the balance of her redeposit and interest be paid by actuarial reduction from her annuity rather than by payment in full prior to her retirement. ID at 2. The administrative judge remanded the actuarial reduction issue to OPM for issuance of a new reconsideration decision "addressing the appellant's request to be allowed to retire with service credit for the period for which she previously withdrew her retirement contributions and pay for the redeposit and interest by actuarial reduction." ID at 4. The administrative judge ordered OPM to issue the new reconsideration decision within 60 days from the date of the initial decision. ID at 4. The administrative judge also notified the appellant that the initial decision would become final on July 11, 2013, unless a petition for review was filed by that date. ID at 4.

¶7        On August 13, 2013, the appellant filed a petition for enforcement with the Atlanta Regional Office, alleging that OPM had failed to comply with the administrative judge's order to issue a new reconsideration decision addressing her request for actuarial reduction within 60 days of the June 6, 2013 initial decision. Petition for Review (PFR) File, Tab 7 at 11-12. On September 23, 2013, OPM issued a reconsideration decision in which it denied the appellant's

---

pertains to the June 27, 2012 initial decision denying the appellant's request for the waiver of interest due on the redeposit of her refunded retirement contributions. *Id.* at 34.

request that the balance of her redeposit and interest be paid by actuarial reduction from her retirement annuity. *Id.* at 6-7. By letter dated October 21, 2013, OPM filed a response to the appellant's petition for enforcement and asserted that it had issued a reconsideration decision as directed by the administrative judge in his June 6, 2013 initial decision. *Id.* at 4-5. OPM stated that it had "completed all required compliance actions" and requested that the appellant's petition for enforcement be dismissed. *Id.*

¶8 On October 22, 2013,[5] the appellant electronically filed a pleading entitled "Petition for Review." PFR File, Tab 1. In an October 24, 2013 telephone conversation with an employee of the Office of the Clerk of the Board, the appellant confirmed that she did not want to file a petition for review with the full Board at that time. *See* PFR File, Tab 2. By notice dated October 25, 2013, the Clerk apprised the appellant that the Board would not take any further action concerning her October 22, 2013 filing. *Id.*

¶9 On November 13, 2013, the appellant electronically filed another pleading entitled "Petition for Review." PFR File, Tab 3. In that filing, however, the appellant did not argue that the June 6, 2013 initial decision was incorrectly decided.[6] *Id.* Rather, she appeared to challenge OPM's October 21, 2013 response to her petition for enforcement and OPM's reconsideration decision denying her request for actuarial reduction. *Id.*

---

[5] Documentation that the appellant subsequently submitted to the Board indicates that she had not yet received OPM's October 21, 2013 response to her petition for enforcement when she filed her October 22, 2013 submission. *See* PFR File, Tab 7 at 15.

[6] Although the appellant answered "yes" to the question on the Board's petition for review form asking if the initial decision incorrectly decided any important facts, her responses to the questions on the form asking her to identify what important facts were incorrectly decided and what other reasons the initial decision was wrong indicate that, in stating that the initial decision was wrong, the appellant was referring to OPM's September 23, 2013 reconsideration decision and/or its October 21, 2013 response to her petition for enforcement rather than the administrative judge's initial decision. *See* PFR File, Tab 3 at 4-5 (responses to questions 9-10, 12-13), Tab 7 at 4-7.

¶10     Because the content and timing of the appellant's submission indicated that the appellant may have intended her November 13, 2013 filing to be a new appeal of OPM's reconsideration decision instead of a petition for review of the June 6, 2013 initial decision, the Board issued an order in which it provided the appellant the opportunity to clarify the intent of her November 13, 2013 filing.  PFR File, Tab 9.  Specifically, the Board ordered the appellant to file a written submission clarifying whether she intended to file a new appeal in filing her November 13, 2013 pleading entitled "Petition for Review."  *Id.*

¶11     In her response to the Board's order, the appellant does not state whether she intended her November 13, 2013 pleading to be a new appeal rather than a petition for review.  PFR File, Tab 11.  Instead, the appellant essentially reasserts the arguments from her November 13, 2013 pleading pertaining to the actuarial reduction issue.  PFR File, Tabs 3, 11.  In addition, the appellant reiterates her argument that OPM failed to comply with the administrative judge's order to issue a decision on the actuarial reduction issue within 60 days of the June 6, 2013 initial decision.  PFR File, Tab 7 at 11, Tab 11.  In that regard, the appellant asserts that she filed a petition for enforcement regarding this matter but "nothing was done."  PFR File, Tab 11.

¶12     The Board's order directing the appellant to clarify her intentions regarding her November 13, 2013 pleading advised the appellant that, if she stated that she intended to file a new appeal in filing that pleading, then the Board would issue an order dismissing her "Petition for Review" as withdrawn and forwarding her November 13, 2013 submission to the Atlanta Regional Office for docketing as an appeal of OPM's September 23, 2013 reconsideration decision.  PFR File, Tab 9.  Because the appellant did not state in her response to the order that she intended her November 13, 2013 to be a new appeal rather than a petition for review, PFR File, Tab 11, we consider that pleading a petition for review of the administrative judge's June 6, 2013 initial decision.

¶13 A petition for review must state objections to the initial decision that are supported by references to applicable laws or regulations and by specific references to the record. *See* 5 C.F.R. § 1201.115(a). The appellant's petition for review does not identify any error by the administrative judge and we discern none. As the administrative judge explained in the initial decision, the payment of interest on a redeposit is a statutory requirement, and there is no law, rule, or regulation which would allow OPM the discretion to waive the payment of interest. ID at 2 (citing 5 U.S.C. § 8334(d)(1); 5 C.F.R. § 831.105(d)). The administrative judge also correctly rejected the appellant's argument that interest should be waived based on equitable considerations, noting that "the doctrine of equitable estoppel cannot be used to pay a retirement benefit from the Federal Treasury that is contrary to a statutory appropriation because the payment would violate the Appropriations Clause of the Constitution." ID at 2-3 (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416-17, 434 (1990)). Therefore, we DENY the petition for review.

¶14 Although the appellant has not clarified whether she intended to file a new appeal of OPM's reconsideration decision regarding the actuarial reduction issue in filing her November 13, 2013 submission, her arguments on review pertain to the actuarial reduction issue, thereby indicating that she wishes to file an appeal of OPM's September 23, 2013 reconsideration decision denying her request for actuarial reduction. IAF, Tabs 3, 11. Therefore, we FORWARD the appellant's claim regarding the actuarial reduction of her retirement annuity to the Atlanta Regional Office for docketing as a new appeal of OPM's September 23, 2013 reconsideration decision.[7]

¶15 As for the appellant's argument on review that "nothing was done" regarding the petition for enforcement she filed regarding the administrative

---

[7] We make no determination concerning the timeliness of this matter, which should be considered by the administrative judge in the first instance after proper notice of the appellant's burden of proof.

judge's June 6, 2013 initial decision, the record indicates that the appellant's petition for enforcement was not docketed as a compliance matter due to an apparent oversight. Significantly, however, in his June 6, 2013 initial decision, the administrative judge did not award the appellant the relief she requested (i.e., the waiver of interest on the redeposit of her previously withdrawn retirement contributions), nor did the administrative judge decide the merits of the appellant's request to pay the redeposit and interest via actuarial reduction from her retirement annuity. Instead, as explained above, the administrative judge affirmed OPM's reconsideration decision denying the appellant's request for the waiver of interest and ordered OPM to issue a reconsideration decision on the appellant's request for actuarial reduction within 60 days of the date of the initial decision. ID at 3-4. Although OPM failed to comply with the 60-day time limit, it did issue a reconsideration decision on the actuarial reduction issue on September 23, 2013. PFR File, Tab 7 at 6-7. Under these circumstances, forwarding the appellant's petition for enforcement to the regional office for docketing as a compliance appeal at this juncture would be a waste of judicial resources. Accordingly, we take no further action regarding the appellant's petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:　　　　　　　_____
　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.